Judge Geaham
delivered the opinion of the Court.
This suit was instituted by Wooley setting up in his bill several demands against Mrs. Coleman, and particularly a claim of five hundred dollars as a fee for defending, at her instance, her son, who was charged with . having committed murder. The other claims of Wooley are but slightly resisted.
The proof very clearly shows that Wooley was employed by Mrs. Coleman to defend her son; that he, as the lawyer of the accused, attended before the examining Court and at one term in the Circuit Court, but previous to the trial on the indictment, he had accepted the appointment of Judge, and of course did not further defend young Coleman. At the time of Wooley’s employment in the defence, R. Wicldiffe, Jr., was his associate and partner in the practice of law, and defended the accused on the final trial. It is proved by other counsel, who aided in the defence, that Wicldiffe made an able defence, and his client was acquitted. It is proved that the fee charged by Wooley is reasonable, and such as is usually made in such cases.
Before and at the time of the contract, and until after the commencement of this suit, the defendant was •a married woman, but for many years, although not divorced, had been living separate and apart from her 'husband. The separation continued during the life of 'the husband. By a deed from her father, and by his ■last will she was the owner and in possession of a large estate in land and slaves and some personal estate, held •in the name of trustees for her separate use.
No express agreement was made by the parties to the contract, that a lien, should attach to her estate, or *321 that it should, be subjected to the payment of any of Wooley’s demands. She had for many years acted as a feme sole, and by her own means and exertions nurtured and educated her children, wholly unaided by her husband. She contracted debts as o. feme sole, and was looked to for payment of her debts and performance of her contracts. The most important enquiry in this case is, whether this separate estate can be, in equity, subjected to the satisfaction of the complainant’s demands.
as a general contract as a jeme sole, nor as such sue or be notdáta?aw bfnd ^he1! "separate ¡property. And a Court of eouit/ will not ordinaSdietion ^ Ip.' pro¿ertySinaithe aj;rustee of her engage-f^Éísbanfaná j23'Though she may charge tateatonefwhen fention'to do so! suvm'
As a general rule, a married woman cannot, except in special cases, contract as a feme sole, nor as such, sue or be sued, and cannot at law bind herself by any * * contract in regard to her seperate property. In conformity with this doctrine of disability, Courts of Equity hold that her general personal engagements will not affect her separate property. If she does no act indi- * “ eating an intention specifically to charge her separate estate with the payment of her debts. A Court of Equity will not ordinarily entertain jurisdiction for an application of such estate, in the hands of her trustees, to such purposes during her life: (2 Roper on Husband and Wife, 236, &c.; 2 Vesey, jr. 138.) In equity, although she be permitted to possess and enjoy separate estate as a feme sole, yet those Courts holding, in analogy to the legal doctrines, that a wife’s general engagements are not binding, refuse to entertain jurisdiction, at the instance of her general creditors, to subject her separate property in the hands of her trustees to their demands; but she may alien or encumber her separate estate when she shows an intention so todisposeof it: (2 Roper, 240.) But if a married woman be known to be living upon separate property and apart from her husband, it is generally inferred that her dealings with tradesmen and others who trust her, take-place on the -credit of this property, 2 Roper, (in note,) 244, and •authorities there referred to. ‘ The foregoing principles are not in conflict. The distinction or difference in .principles is this: “When property is limited to the wife’s separate use, and she cohabits with her husband, die creditor has the husband’s security for payment of *322 .the debt contracted by .the wife for necessaries; it is but just, .therefore, to require some evidence of an agreement between her and .her.creditor, that her separate estate should be applied to the satisfaction of his demand.
, if a married woman live -sepahuseband°mit his fed «laUeríealings with those who credit her .is upon the cred-property• ^jv ly 2 creditors may subject it 306.>
The employment feme covert living herahusband,r°to againsta^charge of murder: held lo be sucri a meritorious claim as would authorize the deemers pay.ment out of her
But when husband -and wife are living separate, and, as may b.e inferred, she deals and is trusted on the cred- . •, . it o.t that estate, her separate creditors may maintain a suit.in equitytosubject.it: (2 Roper, 306.) And, cerwhenever the wife’s intention appears, or may be inferred, to charge her separate maintainance with , , , - . , ,. a debt lor necessaries, it will entitle the creditor to have his-debt out .of the fund provided for such main-finance: (2 Roper, 306-9.)
In this case, although the debt created to Wooley was not tor necessaries, in the strict .legal sense oi the WOrd, yet .it was for services and labor bestowed at her instance for .the benefit of a son, and .to save him from the hands of the executioner, or at least from inearceration,foryears,inapententiary. Itisameritoriousclaim.” But besides .these considerations, Mrs. Coleman, in her answer (after denying the justice of Wooley’s claims) ,,Tr , ° , , J ,, / says.: “11 she ever agreed .to become personally responsible for any fee to him, and if also he can show that he performed any valuable services in the defence of her son, she would agree to pay him whatever theservice was reasonably worth.” Again she says in her answer, if she does owe complainant any thing, “she is able and willing to pay it.” After making these admissions, she “respectfully submits to the Court whether her beneficial interest, in the hands of her trustees, could be subjected to any such demands.” Prom the principles already adverted to, we think it can be and ought to be so subjected. So far as she resists the payment of the fee to Wooley because he did not give his personal attention to the case of her son during its entire progress in the Circuit Court, we are of opinion that where one of a firm is employed, and the business is attended to by either in a skilful and proper manner, and the party derives from the employment all the ad *323 vantages he could have received- by the co-operation of the other, the payment cannot be resisted because circumstances rendered it impracticable for the one specially employed to attend to the case. In- this case it is proved that Wickliffe skilfully and successfully defended the son, and' did all that Wooley could' have' done in his defence. We see no reason why any portion" of the fee should be deducted.
Where partners in the practice of law are engaged to perform service, and otje of them only attends to the business, and it be skilfully and successfuly conducted, there is no ground for any abatement of the fee.
Pindell for plaintiff; Robison fy Johnson, G: R. Kin-head and Sayre for defendant.
The other claims of Wooley, allowed by the decree" of the Circuit Court, are sustained by her own written' obligation, and by record, and by parol proof. We do' not perceive any error in thedecree to the prejudice of the appellant. Nor do we think that Wooley (who has assigned cross-errors) has any just cause of complaint. No greater credit has been given to Mrs. Coleman for the hire of her negro woman, than Wooley, in one of his'letters'to-her, admitted'he Was willing to pay-
The decree of the Circuit Court is, therefore, affirmed on the appeal of Coleman, and on the cross-errors assigned by Wooley.